UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL JAMES MUNION,

                    Plaintiff,

vs.                                    Case No.  2:10-cv-273-FtM-29SPC

LT. BRANDON MALLOY, THE GEO GROUP,
INC., and THE FLORIDA DEPARTMENT OF
CHILDREN & FAMILY SERVICES,

                    Defendants.
_____

**ORDER OF PARTIAL DISMISSAL**

     This matter comes before the Court upon review of Defendant
The GEO Group's ("GEO") Motion to Dismiss (Doc. #17, Motion).
Plaintiff is proceeding on his amended civil rights complaint file
filed pursuant to 42 U.S.C. § 1983 (Doc. #10, Amended Complaint).
Defendant GEO, pursuant to Federal Rule 12(b)(6), seeks dismissal
of Plaintiff's Complaint on the basis that Plaintiff fails to
satisfy the heightened pleading standard and predicates liability
upon GEO based upon the theory of vicarious liability.  See
generally Motion.  Plaintiff did not file a response to the Motion.

**I.**

     Plaintiff, who is civilly confined to the Florida Civil
Commitment Center, alleges that his Fourteenth Amendment rights
were violated when he was assaulted and beaten by Officer Malloy.
See generally Amended Complaint.  In particular, Plaintiff states
that he suffers from a mental illness and was standing on the sink

in his "cell" attempting to cut himself on the fire sprinkler head when Defendant Malloy came upon his cell.  Id. at 5, ¶4.  Plaintiff avers that Defendant Malloy "punched" him "in the chest with his right fist and followed through with a sweeping motion with his left arm into [Plaintiff's] ankles sweeping [Plaintiff] off the sink."  Id., ¶5.  Plaintiff claims that, despite landing on the concrete floor and being knocked unconscious, Defendant Malloy was observed by other residents "brutally and repeatedly kicking" Plaintiff.  Id., ¶6.  Plaintiff attributes liability to Defendant GEO and the Department of Children and Families for failing to provide "a safe environment."  Id., ¶10.  Further, Plaintiff avers that "they attempted to cover up Mr. Malloy's actions" and "are failing to prevent his continued threats and harassment."  Id.  As relief, Plaintiff seeks "prospective relief," damages in the amount of $15,000 and unspecified punitive damages.  Id. at 7.

## II.

A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous.  Neitzke v. Williams, 490 U.S. 319, 328 (1989).  Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact.  *Id.* at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001).  Additionally, § 1915 requires dismissal when the legal theories

advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless" Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

A complaint need not provide detailed factual allegations, but it must contain "sufficient factual matter" to state a claim that is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. ____, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Conclusory allegations, however, are not entitled to a presumption of truth. Id. at 1951 (discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d at 1036 n.16. Contrary to Defendant's assertion, the heightened pleading standard is not longer applicable to civil cases. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Further, because the Court previously determined that the pro se Plaintiff may proceed in this action in forma pauperis (Doc. #9,), 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), permits the Court "at any time" to dismiss

a case if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief.

**III**.

At the outset, the Court did not direct service of process upon either Defendant GEO or Defendant the Florida Department of Children and Family Services ("DCF").  See October 18, 2010 Order (Doc. #14), directing service upon Defendant Malloy only.  Further, it appears that service of process was only effectuated upon Defendant Malloy.  See Request for Waiver of Service (Doc. #15) and U.S Marshal Form 285 (Doc. #18).  Nonetheless, because Defendant GEO has voluntarily appeared in this action, the Court will address the instant Motion.

The Court finds that the Amended Complaint is subject to dismissal for failing to state a claim as against Defendants GEO and DCF.  DCF is a state agency and is not a "person" subject to suit under 42 U.S.C. § 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 66-67 (1989).  With respect to GEO, the Complaint does not identify an individual either employed by GEO or acting on behalf of GEO that took any affirmative action, or failed to take any affirmative action, giving rise to a constitutional claim.  Nor does the Amended Complaint contain any allegations of custom, policy, or practice established by DCF of GEO that was the

"moving force" behind the alleged misconduct. See <u>Board of County</u>
<u>Commissioners v. Brown</u>, 117 S. Ct. 1382, 1388 (1997); <u>McDowell v.</u>
<u>Brown</u>, 392 F.3d 1283 (11th Cir. 2004).

Even if the Court liberally construes the Amended Complaint as
naming the Secretary of the DCF and a corporate official of GEO,
there are no allegations that the Secretary or an official of GEO
was in any way directly or causally connected to the alleged
constitutional violations alleged in the Amended Complaint. <u>See</u>
<u>Brown v. Crawford</u>, 906 F.2d 667, 671 (11th Cir.), <u>cert. denied</u> 500
U.S. 933 (1990). Additionally, there is no vicarious liability,
including *respondeat superior*, in § 1983 actions. <u>Monell v. Dep't</u>
<u>of Soc. Serv.</u>, 436 U.S. 658, 690-692 (1978); <u>Cottone v. Jenne</u>, 326
F.3d 1352, 1360 (11th Cir. 2003); <u>Quinn v. Monroe County</u>, 330 F.3d
1320, 1325 (11th Cir. 2003); <u>Farrow v. West</u>, 320 F.3d 1235 (11th
Cir. 2003). Further, the Eleventh Amendment bars monetary damages
against the Secretary of DCF in his official capacity, as such
action is construed as being brought against the State. <u>Will v.</u>
<u>Michigan Dept. of State Police</u>, 491 U.S. at 71.

ACCORDINGLY, it is hereby

**ORDERED**:

1.    Defendant GEO's Motion to Dismiss (Doc. #17) is **GRANTED,**
and Defendant GEO is **DISMSSED without prejudice**.

2.    The Department of Children and Families is **DISMISSED**
**without prejudice**.

3.    The Clerk shall enter judgment accordingly and correct the caption of the case to reflect that this case remains pending against only Defendant Malloy.

**DONE AND ORDERED** at Fort Myers, Florida, on this ___24th___ day of June, 2011.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record